# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**OFFIE L. HOBBS, Ph.D.**,

    Plaintiff,

v.  No. 12cv0967 JCH/WPL

**LAS CRUCES PUBLIC SCHOOLS**,

    Defendant.

and

**OFFIE L. HOBBS, Ph.D,**

    Plaintiff,

v. .  No. 13cv026 JCH/WPL

**LAS CRUCES PUBLIC SCHOOLS**, et al.,

    Defendants.

## ORDER DISMISSING AMENDED COMPLAINT

**THIS MATTER** comes before the Court on the Court's Order to Show Cause, filed January 16, 2013, and on the Amended Complaint that pro-se Plaintiff Offie L. Hobbs filed on February 6, 2013 [Doc. 22] in case number 13cv026.

The Show-Cause Order noted that a

> document Mr. Hobbs filed in 13cv026 [entitled "Complaint"] is clearly not a Complaint, but if construed as such, it would have to be dismissed for failure to state a claim against any Defendant. But the Court could construe the document as a timely notice of appeal from the January 4, 2013 Order dismissing his Complaint in this case, if Hobbs pays the remaining $100 due for an appellate filing fee. Or it could be construed as a motion to alter or amend the judgment under Rule 59, as the 28-day time period has not yet run and the Court still has jurisdiction over the case. The Court will consolidate the two cases, and if Hobbs indicates that he intended to file a notice of appeal, the Court will close number 13cv026 without Mr. Hobbs suffering the loss of the $350 he has already paid.

Jan. 16, 2013 Order at 2-3 (Doc. 21).  The Court ordered Plaintiff to show cause in writing "why the Court should not construe Document 1 filed in 13cv026 as either a Rule 59 [motion] or a notice of appeal in 12cv967, and why he should not pay the remaining $100 due as an appellate filing fee." *Id.* at 3.

Plaintiff did not comply with the Order to Show Cause.  Instead, Plaintiff filed a document entitled "Amended Complaint" that simply repeats the wording of the previous "Complaint" filed in 13cv026.  But neither the original, nor the Amended, Complaint state sufficient facts to invoke the Court's subject-matter jurisdiction.  The burden of establishing federal-question jurisdiction rests upon the party invoking federal jurisdiction.  *See Sac & Fox Nation v. Cuomo*, 193 F.3d 1162, 1165 (10th Cir. 1999).  "Under the well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 . . . , a federal question must appear on the face of the plaintiff's complaint . . . ."  *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011).  "[T]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."  *Sac & Fox Nation*, 193 F.3d at 1165-66.  Although Plaintiff mentions the ADA in his two pleadings, he states no facts to support such a cause of action except that he was employed with the Las Cruces Public Schools and he made a request for an accommodation, which was denied.  *See* Am. Compl. at 1 (Doc. 22).  Mentioning a federal statute or stating a legal conclusion that a defendant violated federal statutory rights will not invoke the jurisdiction of this Court[1].  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

---

[1] In the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent case of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted.  In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "the defendant-unlawfully-harmed-me" account, *see Iqbal*, 556 U.S. at 678.  The Supreme Court warned against pleadings that offer "labels and

Cir.1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"). To invoke federal-question jurisdiction, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, *and* allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986) (italics added). "A suit will be dismissed for lack of federal question jurisdiction when the claim is too insubstantial for consideration . . . ." *Id.* "To establish a *prima facie* case under the ADA, a plaintiff must [allege]: (1) that [he] is a disabled person within the meaning of the ADA; (2) that [he] is

---

conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." *Id.* (internal quotation marks omitted). These, the Court stated, "will not do." *Id.* (internal quotation marks omitted). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. (internal quotation marks and bracket omitted). In *Iqbal*, the Supreme Court noted:
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (internal citations omitted).

A court should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. Then it only "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681; *see id.* at 686 (rejecting the plaintiff's argument that he sufficiently stated a claim for relief by generally alleging that the defendants "discriminated against him 'on account of [his] religion, race, and/or national origin and for no legitimate penological interest,'" and stating, "[w]ere we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss. But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.") (citations omitted). The Court has applied *Twombly* and *Iqbal* in discerning whether Plaintiff has set forth factual allegations sufficient to invoke this Court's federal-question jurisdiction.

qualified, that is, [he] is able to perform the essential functions of the job, with or without reasonable accommodation; and (3) that the employer terminated [his] employment under circumstances which give rise to an inference that the termination was based on [his] disability." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (internal citations omitted). "[E]ach of these elements is essential to an ADA claim . . . ." *Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1261–62 (10th Cir. 2009). Because Plaintiff has not set out sufficient facts to demonstrate that his case in 13cv067 even arises under the ADA, the Amended Complaint is too insubstantial to invoke the Court's subject-matter jurisdiction. The Court must, therefore, dismiss case number 13cv067. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff apparently did not want to request reconsideration or file an appeal from the Court's final judgment dismissing the action filed in 12cv967, *see* Doc. 20, and the time for filing an appeal has now passed. *See* Fed. R. App. P. 4(a)(1)(A).

**IT IS ORDERED** that the Amended Complaint filed in 13cv026 is DISMISSED for failure to invoke the subject-matter jurisdiction of this Court.

_____
**UNITED STATES DISTRICT JUDGE**